IN THE MATTER OF HAROLD P. JAHNKE, AN ATTORNEY AT LAW.

Argued June 8, 1971—Decided June 29, 1971.

*Mr. Morris Roth* argued the cause for Middlesex County Ethics Committee.

*Mr. Michael A. Patticchio* argued the cause for respondent.

PER CURIAM: This is a disciplinary matter. Respondent Harold P. Jahnke was charged before the Middlesex County Ethics Committee with accepting a retainer to prosecute a challenge to a municipal ordinance and then grossly neglect-

ing to pursue the matter while misrepresenting its progress and status to his clients. The Committee found that the charge was true, that respondent's conduct violated Canon 15 of the Code of Professional Ethics and that disciplinary action was warranted. We issued the order to show cause now before us.

Jahnke was approached by a group of homeowners who sought to overturn a July 1, 1969 Piscataway Township ordinance authorizing the construction of sidewalks on strips of the homeowners' land condemned for that purpose. He agreed to institute suit challenging the ordinance, demanding and receiving a $1,000 retainer for his proposed efforts. Additionally, Jahnke informed his clients that the legal fee might go as high as $3,500.

But, after undertaking to represent the homeowners in this matter and accepting the retainer, respondent did virtually nothing further in connection with the cause. The Committee found, and respondent concedes, that:

He prepared no papers in the matter. He did not file a complaint. He never, even informally, approached the Township Committee in an effort to modify the Ordinance. What is perhaps more serious, he did not advise [the group of homeowners] that he was not proceeding, but, to the contrary, continually led them to believe that he was proceeding and that the matter would be taken care of.

Respondent could offer no exculpatory explanation for neglecting his clients' interest. Indeed, he stated quite frankly that he intended to press the matter but did virtually little work to this end and then purposely avoided the homeowners' inquiries as to the status of the cause. Respondent's conduct was unethical and unprofessional; his apparent indifference to the feelings and concerns of his clients cannot be countenanced.

The question thus becomes what is the appropriate measure of discipline. Respondent frankly admitted the unethical nature of his derelictions. His attitude now is one of genuine remorse and contriteness; and, he has returned the $1,000

retainer to his clients. Further, at oral argument, both the Committee's counsel and respondent's attorney stated without reservation that respondent has always been held in high respect as a member of the Bar during his 19 years of practice; and, the record reveals that this appraisal of respondent's character and professional ability was attested to by several members of the legal community. Under these circumstances, we are persuaded that such neglect as exhibited in this case will not be repeated in the future. We are therefore, of the view that discipline beyond censure is not required to protect the interests of the profession and the public.

Accordingly, it is ordered that respondent be and is hereby reprimanded.

*For reprimand*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed*—None.